IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFFREY TEMPLEMAN,                      No. 6:15-cv-01946-HZ

          Plaintiff,

   v.

NANCY BERRYHILL, Commissioner,        OPINION & ORDER
Social Security Administration,

          Defendant.

Merrill Schneider
SCHNEIDER KERR LAW OFFICES
P.O. Box 14490
Portland, Oregon 97293

       Attorney for Plaintiff

Billy J. Williams
UNITED STATES ATTORNEY
District of Oregon
Janice E. Hebert
ASSISTANT UNITED STATES ATTORNEY
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

1 - OPINION & ORDER

Sarah L. Martin
SPECIAL ASSISTANT UNITED STATES ATTORNEY
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104-7075

    Attorneys for Defendant

HERNANDEZ, District Judge:

    Plaintiff Jeffrey Templeman brought this action seeking review of the Commissioner's decision to deny his applications for disability insurance benefits (DIB) and supplemental security income (SSI). In an October 14, 2016 Opinion & Order, I reversed the Commissioner's decision and remanded for further administrative proceedings. Judgment was entered on October 14, 2016.

    Plaintiff now seeks an award of fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). Defendant opposes the motion, arguing that Plaintiff's fee request is unreasonable. For the reasons explained below, I conclude that the hours requested are reasonable. Therefore, I grant Plaintiff's motion.

    Plaintiff seeks $6,860.30 in fees. Defendant argues that the amount requested is unreasonable because Defendant conceded error by the ALJ, and Plaintiff's argument in his Reply Memorandum arguing for a remand for benefits instead of a remand for additional proceedings was unsuccessful. Thus, Defendant contends that the 7.2 hours Plaintiff spent on the Reply should be deducted from the amount sought.

    Federal courts assess the reasonableness of fee requests, including EAJA requests in social security cases, using the "lodestar" method. *Costa v. Comm'r*, 690 F.3d 1132, 1135 (9th

Cir. 2012). "To calculate the lodestar amount, the court multiplies 'the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The court then may adjust the lodestar upward or downward based on "a host of reasonableness factors, including the quality of representation, the benefit obtained . . . , the complexity and novelty of the issues presented, and the risk of nonpayment." *Stetson v. Grissom*, 821 F.3d 1157, 1166-67 (9th Cir. 2016) (internal quotation marks omitted). Counsel for the prevailing party is expected to "exercise 'billing judgment' to 'exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary' as a lawyer in private practice would do." *Costa*, 690 F.3d at 1135 (quoting *Hensley*, 461 U.S. at 434).

In a social security case, the determination of how much time an attorney can reasonably spend on a case "will always depend on case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained." *Id.* at 1136. Because "lawyers are not likely to spend unnecessary time on contingency fee cases" due to the uncertainty of payment, "courts should generally defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Id.* (internal quotation marks omitted).

Although the Commissioner agreed that the ALJ erred, the decision to remand for benefits or additional proceedings is assessed under a three-part test and ultimately rests in the discretion of the Court. *See Treichler v. Comm'r*, 775 F.3d 1090, 1100 (2014) ("credit-as-true" rule has three steps); *Franke v. Colvin*, No. 6:14-CV-01903-AC, 2015 WL 7733464, at *2 (D. Or. Nov. 9, 2015) (decision whether to remand for additional proceedings or for an award of

3 - OPINION & ORDER

benefits is a decision within the discretion of the court) (citing *Harman v. Apfel*, 211 F.3d 1172, 1177–78 (9th Cir. 2000), adopted by J. Mosman, 2015 WL 7722416 (D. Or. Nov. 30, 2015). Making the appropriate remand disposition often involves a substantive evaluation of the ALJ's decision. That is, the concession of error does not obviate the need for a thorough and substantive assessment of the ALJ's decision. Typically, there are reasonable arguments from both the Commissioner and the claimant regarding whether the record is or is not fully developed, whether further administrative proceedings would or would not serve a useful purpose, and whether the ALJ would be required to find the claimant disabled if improperly discredited evidence is credited as true.

In this case, both Defendant and Plaintiff presented arguments on these issues. While Defendant ultimately prevailed and obtained a remand for additional proceedings, Plaintiff was successful in obtaining a favorable decision on some issues. For example, on the issue of whether the record was fully developed on the adaptive functioning part of the Listing 12.05C analysis at Step Three, I agreed with Plaintiff. As a result, this narrowed the issues to be considered on remand. Although Plaintiff did not obtain the relief he requested, his arguments in support of a remand for benefits were not unreasonable. Accordingly, the 7.2 hours Plaintiff spent on the Reply Memorandum are included as part of the EAJA award.

## CONCLUSION

Plaintiff's motion for EAJA fees [22] is granted. Plaintiff is awarded attorney fees in the amount of $6,860.30. Attorney fees shall be awarded to Plaintiff's attorney, dependent upon verification that Plaintiff has no debt which qualifies for offset against the awarded fees, pursuant to the Treasury Offset Program as discussed in *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010).

If Plaintiff has no such debt, then the check shall be made out to Plaintiff's attorney and mailed to Plaintiff's attorney's office as follows: Merrill Schneider, P.O. Box 14490, Portland, OR 97293. If Plaintiff has a debt, then the check for any remaining funds after offset of the debt shall be made to Plaintiff and mailed to Plaintiff's attorney's office at the address stated above.

IT IS SO ORDERED.

Dated this \_\_6\_\_ day of \_\_March\_\_, 2017

_____
Marco A. Hernandez
United States District Judge

5 - OPINION & ORDER